## OSWALT VS. MOORE.

A debt contracted by a married woman, and recoverable in chancery, during her life, out of her separate property, may be recovered, after her death, by proceeding in the Probate Court against her estate in the hands of her executor.

The wife, during coverture, may well charge her separate estate in equity, where, by marriage contract with her husband, she has reserved the use and control of her property during cohabitation, and provided that if the marriage be dissolved, otherwise than by death, the property be returned to her in specie, and if by death that she have the right, power and privilege of disposing of it by will

A married woman may charge her separate estate by the employment of counsel to prosecute a suit for divorce (*Viser vs. Bertrand*, 271(; and if she die before the termination of the suit, the counsel would be entitled to recover out of her estate for the services rendered during her life-time.

*Appeal from Phillips Circuit Court.*

Hon. GEORGE W. BEAZLEY, Circuit Judge.

CUMMINS & GARLAND for the appellant.

The separate property of the wife was chargeable with her contracts made during the coverture: but the remedy to enforce payment out of such property is in equity. 1 *Vesey p.* 277; 7 *Paige* 112; 2 *Story's Eq. Pl. sec.* 136, 1333, 1401; *Reeves Dom. Rel.* 164, etc.; 1 *White & Tudor's Lead. Cas.* 364; *Dobbin and wife vs. Hubbard*, 17 *Ark.* 189.

FOWLER & STILLWELL, for the appellee.

Mr. Justice SCOTT, delivered the opinion of the Court.

This was a proceeding in the Probate Court, wherein Moore sought the allowance and classification of a claim against the estate of Mrs. Dobbins, in the hands of Oswalt as executor of

her last will and testament. That Court allowed and classified the claim against the objections of Oswalt, who took his bill of exceptions setting out all the testimony, and appealed to the Circuit Court. The latter Court affirming the judgment of the Probate Court, Oswalt brought the case here by appeal.

No question is made as to the regularity of the proceedings, or as to the sufficiency of the testimony to establish the alleged retainer services rendered, and their value; but it is insisted that as the recovery sought, was against the separate property of a married woman, and was for services rendered her while she was a *feme covert*, the remedy was exclusively in equity, where the proceedings would be *in rem*. That is the very character of the proceedings in the Probate Court, so far as the property of the deceased is concerned; and it was held by this Court, in the case of *Walker as admr. vs. Byers*, 14 *Ark. Rep. p.* 251, that our constitutional and statutory provisions touching the administration of the estates of deceased persons, were not merely an amendment of the old law, but the creation of a new and complete system, which made radical changes in the old law, and that within our system thus established, " the claims and demands, which the statute contemplates shall be exhibited to the executor or administrator, in the manner provided by the statute, before the expiration of two years from the granting of letters, on pain of being forever barred, are all claims *capable* of *being asserted* in *any* Court of justice, either of *law* or *equity*, existing either at the time of the death of the deceased, or coming into existence at any time after the death, and before the expiration of the two years." See also *Ashley Ex. vs. Gunton et al.*, 15 *Ark. Rep., p.* 422. There is nothing then in the objection taken.

It is not shown upon this record, in express terms, what property of Mrs. Dobbins dec'd, was in the hands of Ostwalt, the executor of her last will and testament, to be administered under the authority of the Probate Court; it is to be presumed, however, in support of the judgment of the Probate Court allowing this claim, that there was sole and separate property,

against which it was allowed; and it is to be inferred that Oswalt was the executor of the last will and testament of Mrs. Dobbins, disposing of the large amount of property of which the witnesses testify, " she was possessed in her own right," and which was " occupied and enjoyed by herself jointly with Wilson D. Dobbins, her then husband, under their marriage contract." That contract, which is embraced in the testimony saved by the bill of exceptions, is in the following words, to wit:

WILSON D. DOBBINS,
     to    } Marriage contract,
LEVISA PILLOW,

Whereas a marriage is intended shortly to be had and solemnized between Wilson D. Dobbins, of the county of Jackson, and State of Arkansas, and Levisa Pillow, of the county of Phillips and State aforesaid, and whereas the said parties are desirous to keep and retain to themselves certain rights and privileges, which they could not enjoy and possess without a reservation thereof under and by virtue of a contract for that purpose, entered into and made in conformity to the statute in such case made and provided, wherefore these presents witnesseth, that the said parties do agree to, and with each other, that notwithstanding their contemplated marriage shall hereafter take place, and be solemnized, that the joint property of the two shall be used and controlled by them, mutually, during the time that they may continue to live and cohabit together as husband and wife, and is furthermore agreed by and between them, that in prospect of death, the said Levisa reserves to herself the right and power and privilege of disposing of any and all of her property, which she may then own, by will, or devise, to such person or persons that she may choose, without the advise or consent of the said Wilson D., and that in case of the marriage hereby contemplated to be entered into by and between the said parties, shall be dissolved otherwise than by death of the parties, that then, and in that case the property of each shall be returned to the one who may have brought the same with marriage, and it is agreed by and between the parties hereto, that the annual proceeds of the mutual property of

the parties to this contract, shall be applied, first, during their cohabitation, to their mutual support, and the rest and residue thereof shall and may be applied, during that time, to such objects and uses as the said Wilson D. may desire or wish.

In witness whereof the said parties have hereunto set their hands and seals, this 24th day of January, A. D. 1853.

W. D. DOBBINS, [SEAL]<br>
LEVISA PILLOW, [SEAL]

In the presence of
J. S. DEPUTY, P. HAWKINS.

To this ante-nuptial agreement the husband himself was a party. When this is the case, the rigid and severe rules, which require the express and emphatic negation of the marital rights of the husband, in order to constitute a sole and separate estate in the wife, necessary when the husband is not a party to the instrument of settlement, are not applicable, but it will be sufficient, "whenever it appears, either from the nature of the transaction, as in the instance where the husband is a party to a settlement in the contemplation of marriage, or from the whole context of the instrument limiting to the wife the property, that she was intended to have it to her sole use, that intention will be carried into effect by a Court of equity. (2 *Bright on Husband and wife, sec.* 3, *p.* 211, 212, 213.)

In this contract a broad distinction is taken between the *property itself* in specie brought into the marriage by Mrs. Dobbins, and its *annual proceeds*—the *capital* of the fund and the annual *interest* to arise therefrom. In the former she reserves a use and control during the time of cohabitation—she provides for a return of it to her in specie, in case the marriage should be dissolved otherwise than by death; and in prospect of death, she reserves the right to dispose of such of it, as she may "then own," to whomsoever she may elect, without the advice or consent of her husband. As to the annual proceeds of the property, on the contrary, that is to go, during cohabitation, in the first place, to the mutual support of husband and wife, and the resi-

due of these proceeds, over and above the amount sufficient for mutual support, to be disposed of as the husband alone may desire. Thus there is reserved for Mrs. Dobbins a *use* of the *property itself* in specie, and a *use* and *enjoyment* of so much of the *annual proceeds* of the *same property* as may be needful for her support; the surplus she disposed of to her husband during their cohabitation. It is to be inferred that Dobbins brought into the marriage, property, which, under the provisions of the ante-nuptial agreement, became community property, as well as that brought in by Mrs. Dobbins. If so, there would be the same reason to suppose that he could not dispose of or charge any such property so brought into community, as that Mrs. Dobbins could not, as to such as she brought in. So far as this community property was concerned, the use and control of it during cohabitation was mutual. So much of it as either party brought into the marriage was to return to the party bringing it in, if cohabitation should cease, otherwise than by death, and if the marriage should be dissolved by death, Mrs. Dobbins was to dispose of all such as had not been mutually used in specie, by will, as she might herself elect.

Under such circumstances we cannot doubt but that it was the intention of the contracting parties, that Mrs. Dobbins should remain the sole and separate owner of the property carried by her into the marriage, subject to the mutual use provided for, and to the use of its annual proceeds, otherwise provided for; and consequently that she could charge it in equity during the coverture as her sole and separate property, precisely as she might have done at law, had she been a *feme sole* and by contract created a joint or partnership property with Dobbins, in such as she and he might have owned, under like circumstances. (See 2 *Bright on husband and wife*, 244, 245.)

That a married woman may charge her separate estate by the employment of counsel to prosecute a suit for divorce, is not denied. (*Viser vs. Bertrand*, 14 *Ark. Rep.* 271.) The services proceeded for in this case were rendered in the prosecution of a suit for divorce, which does not appear to have terminated at

the death of Mrs. Dobbins. After her death, however, the counsel could do nothing more in the premises, and of course was entitled to compensation for the services rendered by him.

Finding no error in the record, we shall affirm the judgment.

Absent, Mr. JUSTICE HANLY.